UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KNOEBEL CONSTRUCTION, INC.,

    Plaintiff,

vs.                                          Case No.:  2:20-CV-970

A. A. ACTION ELECTRICAL ESTIMATING
AND CONSULTING, LLC, JONATHAN
RAYMOND MARR and GERALDINE RAE
MARR,

    Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff KNOEBEL CONSTRUCTION, INC. ("KNOEBEL"), by and through the undersigned counsel, and for its Complaint against Defendants A. A. Action Electrical Estimating and Consulting, LLC ("AAA") and Jonathan Raymond Marr and Geraldine Rae Marr (collectively, "GUARANTORS"), states to the Court as follows:

1.    At all times relevant hereto, Plaintiff KNOEBEL is and was a Missouri Corporation in good standing with its principal place of business located in St. Louis County, Missouri.  Furthermore, Plaintiff is and was at all relevant times authorized to do business in the State of Florida.

2.    Plaintiff brings this action as assignee of the rights of CapitalPlus Construction Services, LLC ("CPCS") under a Master Accounts Receivable Purchase and Security Agreement between CPCS and AAA dated December 5, 2018 (the "Master

Agreement"), and under a Guaranty of AAA's obligations under the Master Agreement signed by GUARANTORS.

3. At all times relevant hereto, AAA is and was a Florida limited liability company doing business in the State of Florida. It may be served with process through its registered agent, Geraldine R. Marr, 1620 SE 15th Terrace, Cape Coral, FL 33990, in Lee County, Florida.

4. At all times relevant hereto, GUARANTORS were residents of Lee County, Florida and currently reside at 1620 SE 15th Terrace, Cape Coral, FL 33990.

5. AAA signed and delivered the Master Agreement to CPCS.

6. GUARANTORS signed and delivered their personal guaranties to CPCS.

7. Jurisdiction is proper in this Court based on 28 U.S.C. § 1332. Venue is proper in this Court under 28 U.S.C. § 1391.

## COUNT I - BREACH OF CONTRACT

8. Plaintiff hereby re-alleges and incorporates by this reference each of the foregoing paragraphs 1 through 6 as and for this paragraph 7 as if each paragraph was fully set forth herein.

9. CPCS is and was a Delaware limited liability company with its principal place of business located in Knox County, Tennessee.

10. On or about December 5, 2018, AAA entered into the Master Agreement. A true and correct copy of the Master Agreement is attached hereto as **Exhibit 1** and incorporated herein by this reference.

11. Pursuant to the Master Agreement, CPCS purchased from AAA for good and valuable consideration two specific accounts (collectively, the "Purchased Accounts") as noted on Schedules #1002 and #1003, true and correct copies of which are attached hereto as **Exhibits 2** and **3**, respectively, and incorporated herein by this reference.

12. CPCS paid the funds for the Purchased Accounts to AAA.

13. On or about April 29, 2019, CPCS gave notice to AAA that, pursuant to Section 5 of the Master Agreement, the Purchased Accounts were not paid in full by the account receivable due date, the Purchased Accounts were now designated as "Chargeback Accounts," and AAA was immediately obligated to repurchase said Chargeback Accounts. A true and correct copy of this Notice is attached hereto as **Exhibit 4** and incorporated herein by this reference.

14. Further, on July 3, 2019, pursuant to Section 14 to the Master Agreement, CPCS gave Notice to AAA of the termination of the financing agreement, thereby notifying AAA that the Purchased Accounts were immediately due and payable in full to CPCS. A true and correct copy of the Notice of Termination is attached hereto as **Exhibit 5** and incorporated herein by this reference.

15. As of the date of this Complaint, AAA has failed or refused to fulfill its obligations pursuant to the Master Agreement and pay CPCS the amounts due and owing pursuant to the Master Agreement and is in default thereof. AAA owes the principal amount of $83,808.90.

16. Per the Master Agreement, AAA agreed to pay interest from the date of

default until CPCS is paid in full at the rate of 24% per annum or the highest legal rate (the "Default Rate").

17. Pursuant to Section 21 of the Master Agreement, AAA agreed to pay all costs and expenses, including reasonable attorney fees and legal expenses, incurred by CPCS in enforcing or exercising any remedies under the Master Agreement.

18. On or about July 3, 2019, CPCS entered into an Assignment of the Master Agreement (the "Assignment Agreement") with KNOEBEL. The Assignment Agreement is attached hereto as **Exhibit 6** and incorporated herein by this reference.

19. KNOEBEL paid CPCS good and valuable consideration for this assignment.

20. Pursuant to the Assignment Agreement, CPCS assigned KNOEBEL all of its right, title and interest in the Master Agreement and Guaranty, all sums due thereunder and all claims and causes of action CPCS has against AAA and GUARANTORS, including without limitation the actions brought herein.

WHEREFORE, Knoebel Construction, Inc. prays this Court to enter judgment in favor of Knoebel Construction, Inc. and against A. A. Action Electrical Estimating and Consulting, LLC for $83,808.90, pre-judgment and post-judgment interest at the Default Rate, KNOEBEL's attorney's fees and costs, and any such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – GUARANTY

21.     Plaintiff hereby re-alleges and incorporates by this reference each of the foregoing paragraphs 1 through 19 as and for this paragraph 20 as if each paragraph was fully set forth herein.

22.     GUARANTORS signed the Guaranty and guaranteed all obligations of AAA to CPCS pursuant to the Master Agreement.  A true and correct copy of the duly executed Guaranty is on pages 14 through 19 of **Exhibit 1**, the Master Agreement, and is incorporated herein by this reference (the "Guaranty").

23.     AAA is in default in its obligations under the Master Agreement and owes the principal amount of $83,808.90 to CPCS, which is due and payable, and assigned to KNOEBEL.

24.     GUARANTORS owe the principal amount of $83,808.90 to CPCS in accordance with the Guaranty, which was assigned to KNOEBEL.

25.     On or about July 3, 2019 CPCS entered into the Assignment Agreement with KNOEBEL.

26.     Pursuant to the Assignment Agreement and GUARANTORS' agreement and consent thereto per Paragraph 3.1.6 of the Guaranty, CPCS assigned Plaintiff all of its right, title and interest in the Master Agreement and Guaranty, all sums due thereunder and all claims and causes of action CPCS has against GUARANTORS.

27.     KNOEBEL is entitled to judgment against the GUARANTORS for the principal amount of  $83,808.90 plus all costs, expenses, interest at the Default Rate, and attorney fees.

28.	The Guaranty allows KNOEBEL to recover these sums from GUARANTORS in the first instance, without first taking any action against any other party.

WHEREFORE, Knoebel Construction, Inc. prays this Court to enter judgment in favor of Knoebel Construction, Inc. and against Jonathan Raymond Marr and Geraldine Rae Marr, jointly and severally, for $83,808.90, pre-judgment and post-judgment interest at the Default Rate, KNOEBEL's attorney's fees and costs, and any such other and further relief as the Court deems just and proper under the circumstances.

Dated this 11th day of December 2020.

**FOLEY & MANSFIELD, P.L.L.P.**
146 Second St. North
Suite 105
St. Petersburg, FL 33701
Telephone:  (727) 214-2011
Facsimile: (727) 399-6760

*/s/ B. Kyle Morley*
B. KYLE MORLEY
Florida Bar Number 21898
kmorley@foleymansfield.com
*Counsel for Knoebel Construction, Inc.*